Good morning, Your Honors, and may it please the Court. Indu Pandey for Plaintiff Appellant. Many service members and veterans are unable to access the IVF care they need to start their families because of the government's discriminatory and irrational policies. The District Court erred in dismissing NowNYC's claims. I'd like to begin with two points. First, the Department of Defense's service connection requirement is arbitrary and capricious in violation of the Administrative Procedure Act, principally because the agency failed to offer a contemporaneous explanation for its irrational design choices, as has long been required by State Farm. This alone is sufficient for remand with factor to the agency or, at minimum, remand for production of the administrative record. Second, the VJRA does not divest the District Court of Jurisdiction to hear plaintiff's claims against the Department of Veterans Affairs. The statute's plain text and longstanding precedent both confirm NowNYC's ability to bring a facial constitutional challenge and a Section 1557 challenge in an Article III court. Can you explain why this is a facial constitutional challenge, as opposed to some subset, as the government argues? NowNYC's claim is a facial constitutional challenge because it challenges Section 234 of the VA Appropriations Act, which is an act of Congress, in all of its applications. The Second Circuit recognized just two years ago that that is the definition of a facial constitutional challenge. And I might note, Your Honor, NowNYC does not challenge any individual benefits determinations in terms of its constitutional challenge. It is only Section 234 of the Constitution. Of course, to say that they had jurisdiction is not to say that it is unconstitutional, just that we have the power to decide that, right? Yes, Your Honor, because this is an act of Congress, the government has acknowledged that it is appropriate for an Article III court to review. But to say that it's appropriate doesn't mean that we necessarily agree with you on the merits. Yes, that is correct. I'm not saying you win or lose. I'm just saying that's not what we're deciding on this point. Yes, Your Honor, that is correct. Is it your position? Ms. Dabney? Dabney?  Ms. Patney? Pandey, yes. Oh, Pandey. Is it your position that Congress is without authority, cannot strip plaintiffs of the ability to mount a facial constitutional challenge without, in this case, going through the administrative process? In the context of the VHRA, the text of the statute contemplates that only decisions of the Secretary... No, no, no, no, no. My question is just at a higher level. Is Congress authorized to require administrative review by the Secretary in this case of facial constitutional challenges? Yes, it is possible for Congress to create an exclusive review scheme that channels facial constitutional challenges through, for example, the VA's exclusive review scheme. Here, now, OIC argues that they clearly did not intend for that to be the case. Well, is there anything in the text of the provision that tells us that it restricts its application to individual benefit determination? Yes, Your Honor, we believe that the text of the VHRA specifically, it contemplates one, a decision by the Secretary, as I previously alluded to. Here, in terms of the facial constitutional challenge, it is a decision of Congress. The Supreme Court unanimously recognized in Robeson that that reading is correct in the previous version of the VHRA, which this circuit and Disabled American Veterans in 1992 read as being appropriate in the context of the new version of the VHRA that we are looking at here today. The second portion of the statutory text contemplates, essentially, benefits decisions. And the Supreme Court also recognized that the provision that discusses laws relating to benefits decisions is one that does not contemplate the Constitution, which was noted in Robeson and we believe is read most appropriately as applying to individual benefits determinations. Do you, if this had been styled as a benefits determination, I realize facial constitutional challenge, but if one of your clients had applied for benefits and said, I'm entitled to benefits because the statute is applied to me would be unconstitutional if I'm denied them, is that a claim that the Secretary could have heard and then could have proceeded up through the, to the Federal Circuit and been dealt with in that way? Two responses to that, Your Honor. First, most simply, yes, it is possible to bring an as-applied constitutional challenge in the VA system. Second, as now NYC has argued, it is, the more relevant question is whether or not jurisdiction is appropriate here and not whether or not this claim could be brought in the Federal Circuit. But I might also point Your Honor's attention to the limited review statute under the VHRA in which the Federal Circuit has a very limited ability to hear claims that percolate up through the VA system, which is different than other exclusive review schemes with the Federal Circuit. The Federal Circuit can't try anything. It's a circuit court like we are in. It just hears appeals. Your Honor, in the context of the VHRA, the Federal Circuit may only hear claims that were, claims of law that were actually adjudicated and relied on for the determination of benefits by the VA system. In other review systems, it's actually a broader jurisdictional statute. And so, the VHRA is unique in having a much more limited ability for the Federal Circuit to hear those claims. And so, that is why facial constitutional challenges are more appropriate in Article III courts and why this court, since 1992, has also held that. I understand the Federal Court of Appeals, the Federal Circuit, is an Article III court, right? Yes, that is... Yeah, no, I mean, at this point, we're not just... Yes, correct. The Federal Circuit is an Article III court, but unfortunately, under the VHRA system, has a much more limited jurisdictional hook for the evaluation. So, it can't hold a statute that is interpreted to be unconstitutional? No, Your Honor. It could do so. However, the VA's limited adjudication system is essentially only deciding whether or not an individual claimant is entitled to benefits under the policies created by VA. So, the substance of decisions at BVA, which is the first level, and the CAVC, which is the second level of review, would essentially reach the questions, in this case of, does a service or does a veteran have infertility? Do they have a service connection? And that's all the Federal Circuit could... And then... Exactly, Your Honor. Then the Federal Circuit would review that claim because it is unlikely that for those individual benefits determinations, that jurisdiction would be able to be maintained under the limited jurisdictional bar that's exclusive to the VHRA. If we were to agree with you on the jurisdictional point, which you spent your time addressing, then what should we do? Just send it back? What should we do? Yes, Your Honor. I think remanding to the district court would be appropriate because there has not been any discovery in this case so far, and we believe discovery would be appropriate. Well, but you make other claims and challenges under the EPA and so on. So, you don't think that the record is sufficiently developed or at all developed because of the jurisdictional determination by the district court for us to deal with those other issues. Is that correct? Your Honor, if I might clarify, I believe I misspoke a bit. The EPA claims are just as to the Department of Defense. We think that Your Honors have enough before you to determine whether or not there was arbitrary and capricious action by the Department of Defense. I thought Your Honor was referring to Department of Veteran Affairs claims. Okay. So, as to the Department of Defense, please turn to that. We believe that remand with factor to the agency would be appropriate. A more limited form of relief would also be remanding to the district court for the production of the administrative record. What is it about the Department of Defense decision-making that's arbitrary and capricious? Yes, Your Honor. We levy four claims. I think most centrally, as I noted in the opening, is that the Department of Defense failed to offer a contemporaneous explanation for its policy decision. They have a 2010, 2012, and 2024 policy memos. All of these are under 10 pages. And at no point in time did the agency justify the creation or any of the particular decisions they made within what is a actually complicated healthcare scheme. Typically, when this court reviews APA claims, there is a rulemaking with a wealth of different considerations that the agency took into account. But here, you'll find no such record. The district court, we believe, erroneously relied on the DOD's post hoc rationalizations made during the pendency of this litigation, which this court and the Supreme Court have recognized are inappropriate in the context of APA review. Similarly, we believe that the agency was required to evaluate reasonable alternatives in the creation of its policy, but evaluated not one, not two, but zero alternatives to its policy. Our argument isn't that the DOD was infinitely obligated to evaluate every alternative, but within their scope, they knew of several alternatives and did not evaluate any of them. I could go on, Your Honor, but I see I'm out of time. Can I ask you a somewhat separate question? Because in connection with your claims under the, I guess it's both the VA and the DOD, but maybe I've got that wrong, but you make a claim of disparate impact. Is that correct? Yes, Your Honor. Under Section 1557 of the ACA, can you point to me where the claim is actually made in your complaint? In the amended complaint, it is in... Where is that? What page? It's paragraph 90. What page of the record? My apologies, Your Honor. No, no, it's all about this. It's also addressed on page 20, note 16 of the reply brief that was at the district court as well. 20, page 20. So in the amended complaint, paragraph 90 appears on page 22. Of the complaint? Of the complaint. Where is the complaint in the appendix? Appendix page 34. There you go. My apologies. No, no apologies. So page 34. Yes, Your Honor. And... So what is the language you're relying on? It starts, because women, transgender people, and same-sex couples disproportionately need IVF to start families, then I'm omitting some textual language. At the bottom of that sentence, it says, has a disparate impact on women and LGBTQ plus individuals in violation of section 1557 prohibition on sexual orientation discrimination. Excuse me. So you're relying on just the, at 90, has a disparate impact on women. Yes, Your Honor. That is our allegation, and we have provided statistics from the VA itself, substantiating statistically that there is a disparate impact that is created by the service connection requirement. Namely, that there is a 14X differential between male and women veterans, in terms of whether or not they can explain their infertility. This is important because if an individual cannot pinpoint the exact cause of their infertility, they are categorically unable to meet the service connection requirement because they can't prove the biological function that went wrong, and that needs to be connected to some individual injury or illness in their service. As this Court has noted, statistics are obviously important for disparate impact claims, and we've provided, before discovery, statistics provided by the agency themselves.  Seeing no other questions. Thank you, Your Honor. Thank you, Your Honor. We'll hear from the government. May it please the Court. Tomoko Onizawa for Defendant's Appellees. I'd like to address the two points raised by NOW New York City. First, the District Court did correctly dismiss NOW's claims against the VA for lack of subject matter jurisdiction because their core claim was essentially one for an entitlement to IVF benefits for all veterans. How could they have made a facial constitutional challenge to the underlying congressional statute so as to avoid what you believe and what the District Court thought created a jurisdictional problem? So the VJRA, in its current version, does not distinguish between facial constitutional claims and as-applied constitutional claims. The statute is worded broadly enough to encompass a challenge to the VA Appropriations Act, which provided the statutory authorization for IVF benefits. And that was upheld in the notion that the VJRA does not bar District Court jurisdiction over facial constitutional attacks on a statute that provides eligibility for VA benefits was upheld in Johnson v. U.S. Congress last year by the Eleventh Circuit, applying Elgin v. Department of Treasury. It's really Elgin. It really flows from Elgin, is your argument. That's correct. Yes. So would you answer my question? Is there a facial constitutional challenge that could be made that would not have to be channeled through the administrative process? The facial – if I'm understanding Your Honor's question correctly, we – this does not seem to us like a facial constitutional attack because it really – now New York City Question. Question. Is there a facial constitutional challenge that could be made that would not have to be channeled through the administrative process given the statute? So in light of the case law that we've cited in our briefs, particularly Veterans for Common Sense v. Shinseki, which was decided by the Ninth Circuit, to the extent now is asserting a procedural challenge to the way in which the Veterans Administration is making determinations about whether a veteran is entitled to a benefit, that could ostensibly be a facial constitutional attack that would be outside of the parameters of section. And why is that in your view? There is no procedural challenge here. The challenge – No, no, no. Why could it be a form of a challenge that would not have to be channeled through the administrative process? Because it's not a determination relating to the provision of benefits that would be affected by a law that provides for the provision of benefits. And where is the determination relating to benefits here specifically that's being sought? The determination relating to benefits is whether section 234 unconstitutionally or unlawfully excludes certain categories of veterans from receiving IVF benefits. And where is the Secretary's determination or decision here? Is it just the regulation at issue? There are also VA policies which set forth the VA's application of section 234 and its regulatory requirements. That decision in some ways has already been made. So they're challenging a statute, not a policy of the Secretary. So it's at a higher level order. I think that that's the argument. And I think what you said is that there are some circumstances under which a plaintiff could mount a facial constitutional challenge without having it be channeled through the administrative process as a result of the language of section 511. But this is intertwined with a substantive decision relating to eligibility criteria, which is squarely addressed by section 511A. But isn't there an issue? I mean, if you go back to section 211A and to the Supreme Court's decision in Johnson v. Robeson, 511A sort of carries forward a similar type of language that, as my colleague suggested, is based on decisions of the Secretary. And we know how the Supreme Court construed that language in the context of 211A. So why wouldn't we say, looking back at the history of this provision, this facial challenge is just assuming for the moment it's a facial challenge, is different, and it needs to be channeled. I'm sorry, it needs not to be channeled. Sure. As the Eleventh Circuit explained in Johnson v. Congress, Robeson analyzed a materially different statutory scheme that was amended under the current version of the VJRA that we submit applies today. So unlike its predecessor statute, section 511A doesn't limit the administrator's authority over questions arising, quote, under any law administered by the VA. That was in the section 211A formulation that Robeson considered. Instead, 511A instructs the Secretary to decide all questions of law in fact necessary to a decision by the Secretary under a law that affects the provision of benefits. That here is section 234A of the Appropriations Act. So by replacing the narrower phrase, administered by, with the broader term, affects, Congress expanded the statute's reach and foreclosed the very distinction on which Robeson relied on. I follow you until that last sentence. I mean, how do we, why does that change in language have the results that you're urging it does? Because that part is, I'm missing. Sure. So the current version of the statute says that the Secretary and the administrative review scheme relates to decisions under a law that affects the provision of benefits. So here, 234A is clearly a law that affects the provision of IVF benefits. That question of law, whether it's a section 1557 claim or otherwise, is clearly one that is encompassed within the separate judicial review scheme under section 511A. So I wanted to turn next to NOW's claim against DOD under the Affordable Care Act. Council submitted that DOD relied on a post hoc rationalization when it applied section 1074C4A to allow IVF benefits to active duty service members so long as they met certain eligibility criteria. But DOD explained that rationale first in 2010 and again in 2024. Particularly in 2010, it provided that up until 2008 when Congress added section 1074C4A to Title X, the agency did not have the authority to provide IVF. The reason being that under existing statutes at the time, health benefits were limited to medical care that was necessary to prevent, treat, or diagnose a condition. And IVF doesn't do that. Let's say, for example, a male active duty service member has suffered from erectile dysfunction. In their briefs, NOW New York City correctly points out that the DOD has always provided prescription drugs or medical treatment for that condition. But IVF doesn't cure that condition. Instead, it ameliorates or alleviates the effects of that condition, among which is infertility. So DOD, in its 2010, 2012, and 2024 policies, expressed the agency's commitment to ensuring maximum, not universal, but maximum support for members who are seriously injured as a result of service in a way that made it impossible to procreate naturally. And again, in 2010, DOD made clear that it understood TRICARE coverage never provided those IVF benefits until 2008. And the intent of the policy was to use the extended care provisions of the statute to provide a quality-of-life benefit. And the agency fulfilled its obligation under the APA to make a rational connection between the provision of IVF policies under certain conditions and the choice that it made. So NOW also argues that DOD should have relied on other alternative statutory authorities. Can we go back? I'm just rereading Section 511. So this is as to the claims against the VA. And it says, as you know, the secretary shall decide on questions of law, in fact necessary to a decision by the secretary, under a law that affects the provision of benefits. And you focused on that language, that affects the provision of benefits. As you say, this challenge affects or is about a law that affects the provision of benefits. Is that – that's essentially the argument? That is correct. Okay. And I – and you understand that when we're talking about a provision that purports to strip us of judicial review, we need to be very careful. And, in fact, the presumption is that we exercise review. You would agree with that? I'm sorry, Your Honor. The presumption is that there is judicial review, not that there is not. You would agree with that as a general matter? When considering whether there is a – whether a provision strips us of review, of the power to review, the presumption is against that result. And so we consider or interpret the statute to see if there's a reading that purports rather than with – rather than refutes a judicial review. You would agree with that or not? Because if you don't agree with that, then we're living in different universes. So ordinarily, yes, but unless, as the Supreme Court instructed in Elgin, the statute makes it abundantly clear that judicial review of a certain type of claim involving a certain type of adverse action is channeled through a different scheme that does provide for Article III review, which the BJRA does. The Federal Circuit is obviously an Article III court. I'm sorry. Say that again. So under – in Elgin v. Department of Treasury, the Supreme Court held that if a statute channels judicial review to an Article III court – sorry – that the question is whether, you know, the concern is whether there is – what defendants are arguing forecloses all judicial review of any culpable constitutional claim. Yes. And under Elgin, one would look to – to the extent a defendant is raising it, one would look to the statute that provides an alternative path for judicial review. The CSRA did that for adverse employment actions of Federal employees, and we submit here that the BJRA Section 511A does that for legal questions of law concerning the provision of benefits. And it does so by providing judicial review in the Federal Circuit, which is well-equipped to consider constitutional challenges. Okay. So that's – that's the – that's the out that you're saying exists here as a matter of judicial review. That's correct, as established by Congress. Because otherwise you're putting a huge amount of weight – or you're asking us to put a huge amount of weight on the word That is, a law that affects the provision of benefits could mean anything. It is worded very broadly, and I think for good reason. Do we have to conclude that the Supreme Court's decision in Elgin aggregated our earlier decision in disabled American veterans to agree with your position? Yes, Your Honor, because disabled American veterans made the distinction between facial constitutional claims and, as applied, constitutional claims or other types of claims. We think Elgin, as, you know, reiterated in Johnson v. Congress by the Eleventh Circuit, essentially aggregates that distinction. Even though it's in another statutory context entirely? Because the – there are strong parallels between the CSRA and the BJRA. Okay. Unless Your Honors have any further questions, we rest our briefs. May it please the Court. Elizabeth Bieling for Plaintiff Appellant. I'd like to first return to the government's point about the APA. To the extent that the government argues that it was limited to only relying on 1074C in promulgating its IVF policies, that is a misconception of the law and arbitrary – It's just me, but could you speak a little slower? Yes, Judge Stack, absolutely. I'm trying to follow. Thank you. To the extent that the government argues that it was limited to rely on 10 U.S.C. section 1074C, that is a misconception of the law and arbitrary and capricious under Chenery. Moreover, in defending its APA – plaintiff's APA challenge, the government argues that plaintiff is requiring IVF benefits for all. That misconstrues plaintiff's argument. Plaintiff's position is not that DOD may not provide reasonable limitations on IVF care, rather that the service connection requirement as promulgated under its DOD's 2024 policy is arbitrary and capricious. Just to remind your honors of the stakes of this case, veterans and service members suffer from infertility at rates much higher than the general population and are subject to a number of understudied stressors such as burn pits, military sexual trauma, that is difficult to link specifically to service. So by imposing this requirement that requires service members to prove definitively that their infertility was caused by their service, DOD has created an arbitrary bar that it's failed to defend in promulgating its policy. That alone is grounds for remand with vacatur or in the alternative production of the administrative record and remand. With my remaining time, I'd like to return to your honors questions about Elgin. I have the text of section 511 before me, and I think one – So did I. Yes. I have it right here. I think the operative relationship between the two sentences is that the first clause says, the secretary shall decide all questions of law and fact necessary to a decision by the secretary. But it's important to read that sentence in conjunction with subsection B, the decision of the secretary as to any such question shall be final and conclusive and may not be reviewed by any other official or any other court. So that explicitly limits the channeling mechanism of section 511 to decisions of the secretary, and Elgin doesn't unsettle that statutory text. I think that the counterargument is that there is a decision by the secretary. I think what now I see as specifically challenging is the decision of Congress is the proper way to consider it. And moreover, courts, since the passage of section 511, have recognized this distinction between facial constitutional challenges and other kinds of challenges. The decisions that the government relies upon in terms of cloaking language, Segru and Larrabee were all within the context of an individual veteran's benefits proceeding. I see I'm over time if your honors have no further questions. Thank you all, and we'll take the matter under advisement. Nicely argued, both sides.